IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Trustees of the Fourth District International  :
Brotherhood of Electrical Workers Health
Fund, *et al.*,                                :
        Plaintiffs
                                                  : Civil Action 2:05-cv-745

      v.                                             : Judge Watson

Lashley Electric, Icc.,                        : Magistrate Judge Abel
        Defendant
                                                 :

**REPORT AND RECOMMENDATION**

      Plaintiffs brings this action under 29 U.S.C. § 1132 alleging that defendant Lashley Electric, Inc. owes delinquent E.R.I.S.A. contributions.  This matter is before the Magistrate Judge  in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on plaintiffs' September 28, 2005 motion for entry of default against defendant Lashley Electric, Inc.  (Doc. 5.)

      Plaintiffs served defendant with summons and complaint by overnight express delivery.  September 28, 2005 Affidavit of William H. Webster, ¶3.  That is not a method authorized by Rule 4, Federal Rules of Civil Procedure. The choices under Rule 4 are:

- Waiver of service, Rule 4(d);
- Service "pursuant to the law of the state in which the district court is located" Rule 4(e)(1); and
- Personal service: "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(e)(2).

Here plaintiffs did not send a waiver to defendant; and they did not have the summons and complaint delivered personally to defendant or to defendant's place of business.  Plaintiffs attempted service under Ohio Rule 4.1(A)(certified or express mail service).  Ohio Rule 4.1(A) requires the Clerk of Court to mail the summons and complaint.  S.D. Ohio Civ. Rule 4.2 provides a method for parties to make certified or express mail service.  It requires the party to place a copy of the summons and complaint in an envelope, address the envelope, affix the certified mail forms to the envelope, and deliver it to the Clerk of Court.  S.D. Ohio Civ. Rule 4.2(a). The Clerk then mails the envelope, enters the fact of mailing, and dockets the return.  S.D. Ohio Civ. Rule 4.2(a) and (b).

Since plaintiffs failed to follow S.D. Ohio Civ. Rule 4.2, there is not good service on defendant; and defendant Lashley Electric, Inc. is not in default.   For that reason, plaintiffs' September 28, 2005 motion for entry of default against defendant Lashley Electric, Inc. (doc. 5) is DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474

U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
